1

**HERZLICH, BLUM & ROZA, LLP**
Attorneys-At-Law

2

3

27240 TURNBERRY LANE, SUITE 200
VALENCIA, CALIFORNIA 91355
Telephone (818) 783-8991

4

Allan Herzlich  State Bar #100920
Jerome J. Blum  State Bar #100317
Marta Roza State  Bar #307206

5

6

7

Attorneys for Plaintiff

8

9

UNITED STATES BANKRUPTCY COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| In re: HASHEM HOSSEINI | BK NO. 1:24-bk-10273-MB |
| Debtor. | ADV NO. |
| | Chapter 7 |
| FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company, | COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE |
| Plaintiff, | |
| vs. | |
| HASHEM HOSSEINI aka SEYED HASHEM HOSSEINI, | |
| Defendant. | |

12

13

14

15

16

17

18

19

20

21

22

23

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

24

///

25

///

26

///

27

///

28

///

-1-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

1. Plaintiff, FIRST DATA MERCHANT SERVICES, LLC, a Florida limited liability company, is a creditor of the above-named debtor.

2. Defendant HASHEM HOSSEINI aka SEYED HASHEM HOSSEINI (hereafter "HOSSEINI") of Woodland Hills, California, is the debtor in the above-captioned proceedings.

3. After Plaintiff obtained a judgment against Defendant HOSSEINI in the Los Angeles Superior Court, Case No. 21STCV31370, Defendant HOSSEINI filed his Petition for Relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, and the Defendant listed as one of his debts this debt to Plaintiff.

4. This is an action under 11 USC §523(a)(2) and/or 523 USC §523(a)(4) and 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

5. Defendant HOSSEINI completed a Merchant Agreement with Plaintiff to induce Plaintiff to process credit card transactions for Kourosh Rugs & Arts, Inc. dba Kourosh (hereafter "KRA"). As part of that inducement and agreement, Defendant HOSSEINI represented to Plaintiff that he was the President and 100% Owner of KRA. In accordance with the terms of that Merchant Agreement, KRA was obligated to, and represented, among other things, that each transaction submitted to Plaintiff for processing (i.e., payment to KRA)

    1) was for merchandise or service actually delivered to and/or performed for KRA's customer(s) (the cardholder(s));

    2) was genuine and arose from a bona fide transaction;

    3) represented a valid obligation of the cardholder(s); and did not involve the use of a credit card for any other purpose set forth in items listed

-2-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

1 | above.

2

3 | 6.  In addition, and as part of the Merchant Agreement, Defendant HOSSEINI

4 | entered into a written personal guaranty as to the debts of KRA to Plaintiff (which was the basis of

5 | the Judgment against Defendant HOSSEINI).

6

7 | 7.  Plaintiff is informed and believes, and based thereon alleges, that

8 | Defendant HOSSEINI was not, in fact the owner and President of KRA, but represented as much to

9 | Plaintiff to deceive Plaintiff into processing credit card transactions for KRA. Plaintiff was

10 | unaware and, justifiably relying on said representations, determined to process credit card

11 | transactions for KRA.  Had Plaintiff known said representations were untrue, it would not have

12 | processed credit card transactions for KRA and/or would not have relied on the Personal Guaranty

13 | entered into by Defendant HOSSEINI.

14

15 | 8.  Plaintiff is also informed and believes, and based thereon alleges that

16 | commencing in or about September, 2019, KRA, through the acts of Defendant HOSSEINI,

17 | intentionally processed certain credit card transactions for merchandise KRA had not, in fact,

18 | actually delivered to, and/or for service(s) that it had not actually performed for, its customer(s)

19 | (the cardholder(s)) and/or that were not, in fact, genuine or bona fide transactions and/or valid

20 | obligations of each of the cardholders; and/or intentionally used credit cards for a purpose other

21 | than to process a genuine, bona fide transaction that represented a valid obligation of each of his

22 | customers (the cardholders). For the most part, KRA, through the acts of Defendant HOSSEINI,

23 | did not process credits/refunds for merchandise that was refused by KRA's customers and/or

24 | returned to KRA.

25

26 | 9.  As a result of such intentional actions by KRA, through the acts of Defendant

27 | HOSSEINI, KRA was able to deceive Plaintiff into believing that KRA had a greater balance in its

28 | account with Plaintiff than KRA actually should have had and KRA, through the acts of Defendant

-3-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

1   HOSSEINI, withdrew such "excess funds" with the knowledge that KRA had not actually

2   delivered merchandise and/or actually performed services represented by the charges and/or

3   received the merchandise "back" from the customer and did not issue a refund/credit and was not

4   actually and/or lawfully entitled to same.

5

6          10.  Plaintiff is informed and believes, and based thereon alleges that subsequent to

7   KRA/Defendant HOSSEINI's withdrawal of the excess funds described in the foregoing paragraph,

8   KRA customers "charged back" the amounts charged to their credit cards, creating a negative

9   balance in KRA's account with Plaintiff.

10

11         11. Due to KRA and Defendant HOSSEINI's failure to pay for the above-described

12  charge backs, Plaintiff was left financially responsible to various credit card issuers for credit card

13  charge backs caused by KRA's failure to actually ship merchandise to and/or actually perform

14  services/issue credits/refunds for KRA's customers and failure to process transactions which would

15  result in credits to its customers.

16

17         12. Plaintiff is informed and believes, and based thereon alleges that

18  KRA/Defendant HOSSEINI knew at the time of making the above-referenced withdrawals that

19  it/he was not entitled to withdraw such funds from the KRA account with Plaintiff and falsely and

20  fraudulently failed to ship merchandise to and/or perform services for KRA's customers/issue

21  credits/refunds and process KRA's customers' credit transactions for the purpose of deceiving

22  Plaintiff to extend further credit and services and to make possible KRA/Defendant HOSSEINI's

23  withdrawal of "excess funds" as above-stated.

24

25         13. By reason of said actions, KRA/Defendant HOSSEINI was able to deceive

26  Plaintiff into continuing to process credit card transactions for KRA and to allow KRA/Defendant

27  HOSSEINI to withdraw funds from the KRA account with Plaintiff.  Plaintiff was unaware and,

28  justifiably relying on said representations and account balance as being true, determined to

-4-
COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE

continue to processing credit card transactions for KRA and to allow KRA/Defendant HOSSEINI

to withdraw funds from the KRA account with Plaintiff.  Had Plaintiff known said representations

were untrue and/or that KRA had intentionally failed to actually ship merchandise to and/or

actually perform services for KRA's customers and process KRA's customers' credit transactions,

it would not have processed credit card transactions for KRA and/or allowed the above-referenced

withdrawals.

14. By reason of the false and fraudulent statements of and/or intentional actions

and failures to act of Defendant HOSSEINI, and by reason of Plaintiff's relying on the truthfulness

of the same, this obligation is not dischargeable.

WHEREFORE, Plaintiff prays for Judgment as follows:

1.  That the Court determine that the debt on which the Plaintiff's Judgment is based is

a debt which may be excepted from discharge, after notice and hearing, under 11

USC §523(a)(2) and/or 11 USC §523(a)(4) and 11 USC §523(c);

2.  That the day and date be set for hearing on these objections to discharge;

3.  For costs herein expended;

4.  For such other relief to which the Plaintiff may be entitled.

DATED: May 28, 2024

Respectfully submitted,
HERZLICH & BLUM, LLP

By: _____
MARTA ROZA
Attorneys for Creditor/Plaintiff

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE